**Leonard JULIEN, Plaintiff–Appellant,**

v.

**Henry ZERINGUE, Zeringue's Farm Equipment Service, and John Clet Landry, Defendants/Cross–Appellants,**

and

**Thomson International, Inc., Labadieville Machinery Co., Inc., and Robert Bourdreaux, Defendants–Appellees.**

**Nos. 87–1115, 87–1139.**

United States Court of Appeals, Federal Circuit.

Jan. 5, 1989.

C. Emmett Pugh, New Orleans, La., submitted for plaintiff-appellant.

E. Richard Zamecki, Browning, Bushman, Zamecki & Anderson, Houston, Tex., submitted for defendants/cross-appellants. Walter R. Brookhart, Browning, Bushman,

Zamecki & Anderson, Houston, Tex., of counsel.

John M. Coman, Jr., New Orleans, La., submitted for defendants-appellees.

Before BISSELL, ARCHER and MICHEL, Circuit Judges.

BISSELL, Circuit Judge.

The judgment of the United States District Court for the Eastern District of Louisiana, Civil Action Nos. 82–0673, 83–2267 (Collins, J. Nov. 19, 1986), holding Julien's U.S. Patent No. 3,286,858 ('858) not invalid and not infringed, is affirmed-in-part and vacated-in-part. In an order issued concurrently with this opinion we sanction Julien's counsel for his reckless disregard of his duties to this court and award Henry Zeringue, Zeringue's Farm Equipment Service and John Clet Landry (collectively Zeringue) and Thomson International, Inc., Labadieville Machinery Co., Inc., and Robert Bourdreaux (collectively Thomson) damages in the nature of attorney fees and expenses incurred on this appeal. *Julien v. Zeringue*, 864 F.2d 1572 (Fed.Cir.1989).

## BACKGROUND

Prior to 1964, the Louisiana sugar industry had successfully mechanized almost all of the agricultural aspects of the sugar cane industry, including the ground preparation, loading, transporting, ground finishing, harvesting, and unloading of the cane. Only the planting operation was still accomplished by hand. Although mechanization of the cane planting had been attempted by many well-funded researchers, no one had solved the problem of how to carefully meter out whole cane stalks, approximately 6 to 8 feet long and somewhat irregular in length, and then properly plant in an over-lapped fashion.

Julien, a farmer in Modeste, Louisiana, developed the first fully mechanized practical planter of whole Louisiana sugar cane and for his efforts received U.S. Patent No. 3,286,858. The Julien patent discloses and claims a planter for whole sugar cane which, unaided by human hand, picks up each cane stalk stacked in the wagon and properly plants it in the furrow. In operation, the cane planter is suspended above and mounted to an open-topped wagon stacked with cane stalks ready for planting. The planter uses a number of staggered parallel moving cane grabs on an endless conveyor to non-destructively grab the top-most stalk and pull it off the back of the wagon into a rear V-shaped trough. As the wagon moves along the ground, the trough guides and positions the cane as it falls down along the centerline of the furrow. Thus, regardless of where the cane is picked up by the cane grabs, the trough guides the falling cane over the center line and into the furrow.

In 1982, Julien filed suit against Zeringue for infringement of the '858 patent and later filed a separate infringement suit against Thomson. After consolidation of the two actions and a bench trial, the district court issued a memorandum opinion (1) holding claims 1–10 of the '858 patent not invalid, (2) finding that none of Zeringue's or Thomson's planters infringed claims 1, 3, 6–9 of the '858 patent, and (3) denying Julien's request for damages, attorney fees, costs, and expenses. *Julien v. Zeringue*, Civ. Nos. 82–0673, 83–2267 slip op. at 19–24 (E.D.La. Nov. 17, 1986) [1986 WL 13150]. Final judgment was subsequently entered on November 19, 1986, from which both Julien and Zeringue appeal.

## OPINION

### I. Infringement

Julien admits that literal infringement is not at issue. In finding no infringement under the doctrine of equivalents, the district court required the presence of each claim limitation in the accused planters. Julien argues that the district court could ignore claim limitations and merely compare the claimed invention's overall operation and ideology with the accused planters. This argument is without merit.

The district court made extensive findings regarding noninfringement of the accused planters and found that numerous

claim limitations were not present in the accused planters. If a claim limitation or its substantial equivalent is not present, there can be no infringement. *Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 934–35, 4 USPQ2d 1737, 1739–40 (Fed. Cir.1987) (in banc), *cert. denied,* —— U.S. —— and ——, 108 S.Ct. 1226 and 1474, 99 L.Ed.2d 426 and 703 (1988); *Lemelson v. United States,* 752 F.2d 1538, 1551, 224 USPQ 526, 533 (Fed.Cir.1985). Julien also contends that each claim limitation is present in the accused planters and that the district court's findings to the contrary are clearly erroneous. Julien's contentions are not persuasive.

■ For example, Claim 1 of the '858 patent calls for

grab means being adapted to open and close in a direction transverse to said predetermined path, means biassing [sic] said grab means to its closed position, expander means on said sub-frame positioned to temporarily open said grab means at a cane pick-up point near one end of said sub-frame and at a cane release point near the other end of said sub-frame.

'858 patent, column 2. The district court construed this language as calling for the cane grab to open and close in some manner, thereby picking up and transporting the cane stalk from the wagon to the trough. *Julien,* Civ. No. 82–0673, 83–2267, slip op. at 7–8, 12–16. By contrast, the accused planters use "V" or "W"-shaped rakes that engage and transport the cane by stabbing it and raking it down into the trough. The district court found that none of the alleged infringing devices included grab means adapted to open and close, or their equivalent. *Id.,* slip op. at 15 (findings of fact 56–64). Julien has failed to convince us that the district court's findings are clearly erroneous. *See Great Northern Corp. v. Davis Core & Pad Co.,* 782 F.2d 159, 166, 228 USPQ 356, 359 (Fed. Cir.1986) (finding of equivalence is one of fact reviewable under the clearly erroneous standard). Thus, a claim limitation, both literally and equivalently, is missing and there can be no infringement. *See Penn-*

*walt,* 833 F.2d at 935, 4 USPQ2d at 1740; *Lemelson,* 752 F.2d at 1551, 224 USPQ at 533.

## II. Validity

Zeringue asserts on cross-appeal that the district court erred in upholding the validity of the '858 patent. Because we affirm the district court noninfringement finding, we need not reach the validity issue. *See Fonar Corp. v. Johnson & Johnson,* 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed. Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988).

## III. Other Matters

■ Julien argues on appeal that the district court erred in denying damages, attorney fees, costs, expenses and prejudgment interest. Julien's position is without merit because he failed to prevail on the infringement issue.

Zeringue argues that Julien's appeal is frivolous because it ignores controlling precedent and mistates the law. *See* Fed. R.App.P. 38. Although Julien's counsel has encountered great difficulties preparing and prosecuting this appeal for his client resulting in great inconvenience to Zeringue, Thomson and this court, we cannot say the appeal was frivolous on the merits.

## CONCLUSION

For the foregoing reasons the judgment of the district court that claims 1, 3, 6–9 of the '858 patent are not infringed is affirmed. The judgment that Zeringue had not proven claims 1–10 invalid is vacated. All other aspects of the judgment are affirmed.

## COSTS

Zeringue and Thomson are awarded costs.

AFFIRMED–IN–PART and VACATED–IN–PART.