Marvin K. SWOFFORD and Marion F. Wright, individuals, and Pathfinder Oil Tool Co., a corporation, Plaintiffs,

v.

B & W, INC., Defendant.

Civ. A. No. 13564.

United States District Court
S. D. Texas,
Houston Division.

Oct. 9, 1963.

Hayden & Pravel, Jack W. Hayden, Houston, Tex., for plaintiffs.

Lyon & Lyon, R. Douglas Lyon, Los Angeles, Cal., and Arnold, Roylance & Harris, Tom Arnold, Houston, Tex., for defendant.

NOEL, District Judge.

Pathfinder Oil Tool Co. originated this civil action for patent infringement by filing its original complaint in March 1961. As the assignee of United States Letters Patent No. 2,826,253, the patent allegedly infringed, Pathfinder claimed the benefit of the remedy for patent infringement given patentees by 35 U.S.C.A. § 281. The original complaint requested a preliminary and final injunction against infringement of the patent by defendant, B & W, Inc.; an accounting for profits, damages, and reasonable attorneys' fees; assessment of treble damages; and assessment of costs against defendant. B & W, Inc. in its answer denied the validity of the patent allegedly infringed, and counterclaimed for a declaratory judgment that the patent was invalid and had not been infringed by the defendant. In December 1961, with the permission of the Court, Marvin K. Swofford and Marion F. Wright, patentees of the allegedly infringed patent, were added as plaintiffs, and plaintiffs' first amended complaint, adding Swofford and Wright, was filed. The allegations therein are in substantial conformity with those of the original complaint, and the same remedies are requested.

Immediately after the filing of the first amended complaint, plaintiffs made demand for a jury trial. Having answered the amended complaint with a response substantially similar to that which had been made to the original, defendant moves the Court to strike plaintiffs' jury demand because it was untimely and because, as contends the defendant, the issues involved in an action for an injunction and an accounting are equitable and not properly triable before a jury. In reply to defendant's motion, plaintiffs urge that their request was timely, having immediately followed the filing of an amended complaint, and that under the most recent authority the issues in a patent infringement case such as this are proper for jury trial.

Plaintiffs and defendant having submitted briefs and one oral hearing having been held, defendant's motion to strike plaintiffs' jury demand is now before the Court for decision.

In connection with defendant's contention that plaintiffs waived whatever rights to jury trial they might otherwise have had by failing to make timely demand, an analysis must be made of the applicable Federal Rules of Civil Procedure. Rule 38(d) provides for automatic waiver of trial by jury upon the failure of the claiming party to make demand in accordance with Rule 38(b). Under Rule 38(b) "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing * * * not later than 10 days after the service of the last pleading directed to such issue."

Here it is undisputed that plaintiffs' demand for jury trial was made within 10 days of the filing of the amended complaint. But the issue is whether the amended complaint, filed more than eight months after the original complaint, and adding only two new plaintiffs without changing the nature of the cause of action originally pleaded, can be considered the "last pleading"

within the context of Rule 38(b). It might appear from the naked language of the Rule that a party might renew a previously waived right to jury trial by obtaining leave to file an amended complaint, regardless of the substance of the amendment. However, while it is true that where new jury issues are created by amendment a party may properly demand a jury, it has been held that an amendment which neither changes the nature of the case nor introduces new issues does not renew the right. See, e. g., Reeves v. Pennsylvania R., 9 F.R.D. 487 (D.Del.1949).

In this case it is clear that the amended complaint, substantially a reproduction of the original, fails to alter the nature of the case. But the amended complaint does add two new plaintiffs, and unless the failure of Pathfinder, the original plaintiff, to demand jury trial following the filing of the original complaint also operates as a waiver by subsequently-added plaintiffs, the demand of the new plaintiffs should be considered timely.

Since it is only reasonable that, in the absence of bad faith, no party should be estopped by another's waiver, the Court feels that the demands of plaintiffs Swofford and Wright should be considered timely. Furthermore, the Court recognizes that it may in its discretion grant a jury on appropriate issues notwithstanding waiver. Rule 39 (b), Federal Rules of Civil Procedure. Thus, mindful of the lofty position occupied by the jury in our history and jurisprudence, and feeling strongly that trial before a jury is to be denied only with great caution, the Court is here disposed to disregard possibilities of waiver on the part of any of the plaintiffs. Because plaintiffs' jury demand will therefore be treated as timely, a careful analysis must be made to determine which, if any, of the issues framed by the pleadings are properly triable by jury.

At the time of the adoption of the Seventh Amendment to the United States Constitution, its mandate to federal courts that "[i]n Suits at common law * * * the right of trial by jury shall be preserved" presented far fewer problems than today. At that time the separate jurisdictions of common law and equity flourished. Each jurisdiction was equipped with its traditional fact-finding tool, the jury at law and the chancellor at equity. Since the jurisdictions of law and equity were mutually exclusive, legal actions were tried at common law and equitable actions were tried in equity where special remedies were available. Because a given lawsuit would be tried either at common law or at equity, depending upon its nature, the problem of overlapping of fact-finding methods did not exist.

But with the abolishment of the procedural distinction between law and equity in the federal courts by the adoption of the Federal Rules of Civil Procedure in 1938 came the sometimes difficult task of determining the proper fact-finding method in a given case. With the union of law and equity, all issues, whether legal or equitable, are required to be presented in one lawsuit, but a distinction still remains between jury and non-jury issues. Rule 38(a) of the Federal Rules provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution * * * shall be preserved to the parties inviolate." Thus, in the federal courts, those issues which were traditionally legal, which would have been triable by jury at common law, must still be tried by jury where the proper party does not waive the right. Judge Clark explained in Beaunit Mills, Inc. v. Eday Fabric Sales Corp., 124 F.2d 563, 565–66 (2d Cir. 1942) that "there are no longer equity cases and law cases, and it is the issues, not the form of case, which now determine the method of trial."

The jurisdiction of the equity courts of old was dependent on the absence of an adequate remedy at law. If, under

the circumstances, legal damages were sufficient to remedy the injury, the equity courts would refuse to grant equitable relief, and the plaintiff would have to be content with trial of his case at law, where facts could be found by jury. If, on the other hand, the injured party could only be made whole by injunction, or other equitable relief, he would take his case to the Chancery courts where the facts were determined by the judge, or chancellor. Because of this historical background, one of the most useful indicia of the legal-equitable nature of a present-day civil action is the remedy requested in the pleadings. A request solely for equitable relief indicates a case traditionally triable in equity without the use of a jury. Likewise, a request solely for a legal remedy characterizes the case as one which would have been tried at common law where the jury was available. 5 Moore, Federal Practice 159 (1951).

But under the present practice both legal and equitable remedies may be requested and obtained in a single civil action. Prior to 1959 there was some confusion as to the proper standard to apply in such a case to determine the propriety of jury trial; usually the courts sought to determine whether the "basic nature" of the case taken as a whole was legal or equitable. Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 489 (5th Cir. 1961). But in 1959 the Supreme Court held in Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), that where legal and equitable issues are present in the same case, the trial court's discretion "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." 359 U.S. at 510, 79 S.Ct. at 956, 3 L.Ed.2d 988. The Court concluded that "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." 359 U.S. at 511, 79 S.Ct. at 957, 3 L.Ed.2d 988. Subsequently, the Court of Appeals for the Fifth Circuit, in Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., supra, explained the holding of the Supreme Court in Beacon Theatres as follows:

"It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." 294 F.2d at 491.

The Court in Thermo-Stitch also forecast that the Beacon Theatres case would sharply reduce the range of cases in which trial by court without a jury might be held. 294 F.2d at 491, n. 12.

Then, in 1962, the Supreme Court, in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), reiterated its view that, in the absence of the imperative circumstances spoken of as very unlikely in Beacon Theatres, it is required "that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury." Jury trial was said to be required for any legal issue, notwithstanding the trial judge's characterization thereof as "incidental to equitable issues." 369 U.S. at 470, 82 S.Ct. at 896, 8 L.Ed.2d 44.

■ In the face of the above clear authority, this Court will grant jury trial on the legal issues raised in the pleadings, if any, for there has been no showing of "imperative circumstances" requiring a predetermination of any equitable issue.

As this case presently stands, plaintiffs allege a patent infringement by defendant and request the following relief: (1) a preliminary and final injunction against further infringement by defendant; (2) an accounting for profits, damages, and reasonable attorneys' fees; (3) assessment of treble damages; and (4) assessment of costs against defendant.

Defendant denies the validity of the patent allegedly infringed, and counterclaims for a declaratory judgment that plaintiffs' patent is invalid and has never been infringed by defendant.[1]

■ Those portions of the plaintiffs' prayer which concern costs, attorneys' fees, and treble damages may be disposed of summarily, for they are never within the province of the jury. Costs are the concern of the clerk and the judge, and what discretion exists is that of the judge. Federal Rule of Civil Procedure 54(d); 28 U.S.C.A. §§ 1920, 1928 (1950). The matter of the awarding of attorneys' fees to the prevailing party is solely within the sound discretion of the trial judge, 35 U.S.C.A. § 285 (1954), as is the matter of the granting of increased damages, up to three times the amount found by the jury. 35 U.S.C.A. § 284 (1954). Randolph Laboratories v. Specialties Development Corp., 213 F.2d 873 (3rd Cir. 1954); Middleton v. Wiley, 195 F.2d 844 (8th Cir. 1952).

The remaining relief requested by plaintiffs is drawn in traditionally equitable language. No one could dispute that a permanent injunction is equitable relief, but since it cannot be given without an infringement having been found, it must await a jury determination of infringement if legal issues requiring that determination are present. The only other relief requested by plaintiff is "an accounting for profits, damages * * *." An accounting for profits is traditionally equitable, but damages are also requested here. Damages are the traditional legal relief, but when asked, as here, in conjunction with an equitable accounting, the rule until recently has been that they are merely incidental to

the equitable remedy and do not carry with them a right to jury trial. See, e. g., Etablissements Neyrpic v. Elmer C. Gardner, Inc., 175 F.Supp. 355 (S.D. Tex.1959). The rule is now clearly to the contrary, and is firmly established by Dairy Queen, Inc. v. Wood, 369 U.S. 469, 470, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). No longer can the right to jury trial be thwarted by a characterization of the claim for damages as one "incidental" to the request for equitable relief.[2] The Court in Dairy Queen even found a legal issue in the request for an accounting, in effect stripping from that word its former exclusively equitable connotation. 369 U.S. at 477, 82 S.Ct. at 899, 8 L.Ed.2d 44.

■ This Court is therefore compelled to grant plaintiffs' demand for jury trial, at least as to those questions of fact germane to the request for damages: the issues of validity of the patent, infringement thereof, and appropriate damages. The remaining requests for relief, i. e., injunctions, costs, attorneys' fees, and treble damages, will be considered by the Court in the light of the relevant jury findings. An equitable accounting for profits will be undertaken only upon a showing of necessity. See 369 U.S. at 478, 82 S.Ct. at 900, 8 L.Ed. 2d 44.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the Court to order separate trial of separate issues "in furtherance of convenience or to avoid prejudice." In the normal case separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on

1. Defendant's counterclaim for declaratory relief has no effect on the matter of trial by jury. It cannot be used to change the nature of the opponents' case and thereby prevent jury trial otherwise of right. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

2. Furthermore, at oral hearing plaintiffs offered to amend their complaint to emphasize the damage request, and it is incumbent upon this Court to place proper emphasis on the request for damages. Record of Oral Hearing 10–11.

the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties. Moreover, separate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue on appeal without having reached the often time-consuming and difficult damages question. It appears well settled that these factors, or others like them, amply support the exercise of discretion by the trial judge to order separate trials of liability and damages under Rule 42(b). See Nettles v. General Acc. Fire & Life Assur. Corp., 234 F.2d 243, 247 (5th Cir. 1956); O'Donnell v. Watson Bros. Transp. Co., 183 F.Supp. 577 (N.D.Ill.1960); Lyophile-Cryochem Corp. v. Chas. Pfizer & Co., 7 F.R.D. 362 (E.D.N.Y.1947); Barron & Holtzoff, Federal Practice and Procedure § 943 (1961); 5 Moore, Federal Practice 1217 (1951).

However, plaintiffs suggest that to try the issues of liability and damages to separate juries, requisite in this case if separate trials should be ordered, would be a deprivation of jury trial as contemplated by the Seventh Amendment. Although the question has not yet been authoritatively settled, the Court feels that there is no violation of the Seventh Amendment by a separate submission of issues to separate juries under proper circumstances. See O'Donnell v. Watson Bros. Transp. Co., 183 F.Supp. 577 (N.D.Ill.1960); Barron & Holtzoff, Federal Practice and Procedure § 943 (1961); 5 Moore, Federal Practice 1217 (1951); Miner, Court Congestion: A New Approach, 45 A.B.A.J. 1265 (1959). Cf. Hayden v. Chalfant Press, Inc., 281 F.2d 543, 544 (9th Cir. 1960);

Hosie v. Chicago & N. W. Ry., 282 F.2d 639 (7th Cir. 1960); United Air Lines v. Wiener, 286 F.2d 302 (9th Cir. 1961).

Plaintiffs, while opposing separate trials, have failed to make any showing that they will be seriously prejudiced thereby, and the Court is of the opinion that they will in no way be deprived of a fair trial by trial of the issues of liability and damages by separate juries. It is therefore ordered that the issues of validity and infringement, and any other issues relating to defendant's liability, shall be tried separately from the issue of damages. In the event plaintiffs are successful in establishing defendant's liability, the parties will be given adequate time to prepare for trial on the damages issue, before a second jury.