**ROHM AND HAAS COMPANY, Plaintiff,**

v.

**MOBIL OIL CORPORATION, Rhone-Poulenc, Inc. and Rhone-Poulenc Agrochimie, Defendants.**

**MOBIL OIL CORPORATION, Rhone-Poulenc, Inc. and Rhone-Poulenc Agrochimie, Plaintiffs,**

v.

**ROHM AND HAAS COMPANY, Defendant.**

**Civ. A. Nos. 78–384–JLL, 79–397–JLL.**

United States District Court, D. Delaware.

Feb. 2, 1987.

Rudolf E. Hutz, James M. Mulligan, Jr., Januar D. Bove, Jr., Jeffrey B. Bove, Mary W. Bourke of Connolly, Bove, Lodge & Hutz, Wilmington, Del., and William E. Lambert III and Terrence P. Strobaugh of Rohm and Haas Co., Philadelphia, Pa., of counsel, for Rohm and Haas Co.

Charles S. Crompton, Jr. of Potter, Anderson & Corroon, Wilmington, Del., and John A. Diaz, J. Robert Dailey and Arnold I. Rady of Morgan & Finnegan, New York City, for Mobil Oil Corp., Rhone-Poulenc, Inc., and Rhone-Poulenc Agrochimie.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

This dispute began when Rohm and Haas Company ("Rohm & Haas") filed Civil Action No. 78–384 which seeks a declaratory judgment that a patent held by Mobil Oil Corporation ("Mobil"),[1] United States Patent No. 3,979,437 ("437 patent"), is invalid, unenforceable, and not infringed. (Docket Item ["D.I."] 1.)[2] Mobil counterclaimed for infringement and seeks treble damages against Rohm & Haas. (D.I. 14.) Additionally, Mobil filed Civil Action No. 79–397 against Rohm & Haas. This infringement action involves the same patents and patent applications pertinent to Civil Action No. 78–384. By decision of this Court, the two actions were consolidated. *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298 (D.Del.1981).

After some initial discovery, the parties stipulated and this Court ordered a bifurcation of the trial and related discovery into a liability phase followed by a damages phase. (D.I. 161.) Despite agreeing that bifurcation of the liability and damages issues would advance the ultimate resolution of this case, the parties could not agree on what phase of the case should include discovery and trial on the issues of (1) willful infringement, (2) whether this is an "exceptional case within the meaning of 35 U.S.C. § 285", and (3) whether either party is entitled to attorney fees.[3] Therefore, Rohm & Haas filed a motion, which is the subject of this opinion, under Rule

---

1. "Mobil" will be used to refer collectively to Mobil Oil Corporation, Rhone-Poulenc, Inc. and Rhone-Poulenc Agrochimie. Rhone-Poulenc was added as a co-party in 1981 after it purchased Mobil's agricultural chemicals division. The Mobil patents were subsequently assigned by Rhone-Poulenc, Inc., to Rhone-Poulenc Agrochimie which was added as a party in 1982.

2. Cited docket item numbers refer to the docket for Civil Action No. 78–384.

3. These three issues shall be referred to collectively as the "Contested Phase Issues."

42(b)[4] for an order decreeing that discovery and trial on the Contested Phase Issues take place after a final decision on the issue of liability and that the Contested Phase Issues be made a part of the subsequent discovery and trial on the issue of damages. For the reasons set forth below, the Court grants in part and denies in part Rohm & Haas' motion.

## I. BACKGROUND OF THE DISPUTE

This Court's opinion in *Rohm & Haas v. Mobil Oil Corp.*, 525 F.Supp. 1298 (D.Del. 1981), sets forth in considerable detail the facts underlying this case. Therefore, the background of the dispute will not be reiterated in this opinion.

## II. ANALYSIS

Rohm & Haas set forth in its opening brief two main arguments in support of its motion. First, Rohm & Haas claimed that applicable precedents have established that the issues of willfulness of infringement, exceptional case, and attorney fees should be decided in the damages phase of a bifurcated patent case. Second, Rohm & Haas contended that considerations of convenience, economy, and expedition under Rule 42(b) support deferring discovery and trial of the Contested Phase Issues until the damages phase. These arguments will be considered in order.

Rohm & Haas in its opening brief accurately cited cases which hold that issues such as the Contested Phase Issues can or perhaps should be tried separately or that a finding on these issues should wait until after damages are determined. *See Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *E–I–M Co. v. Philadelphia Gear Works, Inc.*, 223 F.2d 36 (5th Cir.1955), *cert. denied*, 350 U.S. 933, 76 S.Ct. 304, 100 L.Ed. 815 (1956);

*Jeoffroy Manufacturing, Inc. v. Graham*, 206 F.2d 772 (5th Cir.1953), *cert. denied*, 347 U.S. 920, 74 S.Ct. 515, 98 L.Ed. 1075 (1954); *Pyle National Co. v. Lewin*, 92 F.2d 628 (7th Cir.1937); *Anchor Hocking Glass Corp. v. White Cap Co.*, 47 F.Supp. 451 (D.Del.1942). Although the cited cases do state that a finding on these issues should not be made until after the damages determination, they are not dispositive of the present motion. With the exception of *Anchor Hocking*, these cases do not stand for the proposition that the discovery and trial on issues such as the Contested Phase Issues must take place during the damages phase of a bifurcated patent case. The remaining cases emphasize that a *finding* on these issues should not be made until the completion of the damages phase of a trial.

Rohm & Haas contends that this Court's decision in *Tyler Refrigeration Corp. v. Kysor Industrial Corp.*, 601 F.Supp. 590 (D.Del.), *aff'd*, 777 F.2d 687 (Fed.Cir.1985), compels a favorable ruling on its motion. In *Tyler* the issue of damages was bifurcated from the trial on the issues of patent validity and infringement, but this Court heard testimony during the liability phase on the issues of willfulness and exceptionality. Although the Court stated that it could make an immediate finding on these issues at the end of the liability phase, the Court exercised its discretion to wait to make a determination until after the damages phase of the case. This Court's decision in *Tyler* to reserve decision until after the damages phase is not equivalent to declaring when evidence on the issues of willfulness, exceptionality, and attorney fees can or should be discovered and presented to a court. Therefore, *Tyler* does not directly resolve the question presented by Rohm & Haas' motion.

---

**4.** Federal Rule of Civil Procedure 42(b) states:
The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition, and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

■ This Court in *Tyler* decided not to make a finding on issues equivalent to the Contested Phase Issues until the damages phase, but it could have done so. In a bifurcated patent case preceding *Tyler*, Judge Schwartz made a willful infringement determination at the end of the liability phase, but reserved decision on whether to increase damages or to award attorney fees until the end of the damages phase. *General Battery Corp. v. Gould, Inc.*, 545 F.Supp. 731, 761–62 (D.Del.1982). Additionally, the Federal Circuit has affirmed several cases in which some or all of the Contested Phase Issues were decided during the liability phase, but the determination of how the resolution of these issues should impact on the size of an award was reserved for the damages phase. *Pacific Furniture Manufacturing Co. v. Preview Furniture Corp.*, 800 F.2d 1111 (Fed.Cir. 1986); *Great Northern Corp. v. Davis Core & Pad Co.*, 782 F.2d 159 (Fed.Cir. 1986); *Ralston Purina Co. v. Far-Mar-Co.*, 772 F.2d 1570 (Fed.Cir.1985). These cases confirm that this Court has the discretion to allow discovery and trial on the Contested Phase Issues during the liability phase.

Since this Court is not required by precedence to grant Rohm & Haas' motion, the Court will now consider the second part of Rohm & Haas' argument. Rohm & Haas asserted that under Rule 42(b) considerations of economy, convenience, and expediency, the Contested Phase Issues should be tried as a part of the damages phase.

Rohm & Haas in its opening brief contends that one factor in favor of granting its motion is that significant attorney-client privilege problems will be avoided during the liability phase of the case. (D.I. 164 at 14.) At oral argument it became apparent that Rohm & Haas' concern about the need to discover potentially privileged evidence and to depose attorneys for both parties is

the primary, if not exclusive, reason for the present motion.[5]

The need to discover potentially privileged documents and to depose attorneys for Rohm & Haas and Mobil stems from both parties' intent to prove that the other willfully infringed a valid patent. The parties have stipulated that their activities relating to the manufacture, use, and sale of "Blazer" and "Tackle" would infringe the other party's patent, if the other party's patent is found to be valid and enforceable. (D.I. 161 at ¶¶ 13–15, 18, 19.) The parties do not dispute that each was aware of the other's patent claims during all or most of the time covered by this suit. The Federal Circuit has established that "[w]here ... a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed.Cir.1983), *citing Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d 645, 666 (10th Cir.), *cert. denied,* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980). The Federal Circuit went on to state that "[s]uch an affirmative duty includes, *inter alia,* the duty to seek and obtain competent legal advice from counsel *before* the initiation of any possible infringing activity." *Id.* at 1390 (emphasis in original). Therefore, in their attempts to prove willful infringement, both Rohm & Haas and Mobil probably will seek to discover through requests for documents, interrogatories, and depositions whether the other party sought competent legal advice on the question of infringement.

Mobil contended in its brief in opposition to the motions that both Rohm & Haas and Mobil have pleaded the defense of equitable intervening rights. This defense is potentially applicable to this case because reissue patents are involved. The defense is based on 35 U.S.C. § 252 which provides:

---

5. At the oral argument, the Court asked counsel for Rohm & Haas and Mobil to provide specific examples of what evidence or testimony would be affected by the grant or denial of this motion. Neither side was able to state an example

besides the need to discover communications which may be privileged and to depose attorneys some of whom may be trial counsel for Rohm & Haas or Mobil.

The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but insofar as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

No reissued patent shall abridge or affect the right of any person or his successors in business who made, purchased or used prior to the grant of a reissue anything patented by the reissued patent, to continue the use of, or to sell to others to be used or sold, the specific thing so made, purchased or used, unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use or sale of the thing made, purchased or used as specified, or for the manufacture, use or sale of which substantial preparation was made before the grant of the reissue, and it may also provide for the continued practice of any process patented by the reissue, practiced, or for the practice of which substantial preparation was made, prior to the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

Mobil contended in its brief in opposition that the same type of inquiry must be made with respect to the issue of intervening rights and the issue of willfulness, because whether intervening rights exist depends in part on determining if the alleged infringer obtained an opinion of competent counsel that the original patent was invalid and/or not infringed. (D.I. 167 at 9.)

After the parties exchanged several reply and supplemental briefs, it became clear at oral argument that Rohm & Haas has not pleaded the defense of equitable intervening rights. Instead, Rohm & Haas has asserted the defense that by statute, Mobil cannot claim damages for alleged infringement of its reissue patents prior to the issue dates of those patents, because no claim identical to the original patents is present in Mobil's reissue patents. This defense is based on the language of the first paragraph of 35 U.S.C. § 252, whereas the equitable intervening rights defense discussed by Mobil is based on the second paragraph of § 252. Rohm & Haas does not need opinions of counsel to assert the statutory provision in the first paragraph of § 252. Therefore, the overlap originally perceived by Mobil does not exist with respect to Rohm & Haas.

If this Court grants Rohm & Haas' motion, some potential conflicts, the resolution of which could require considerable efforts by the Court and parties, may be avoided or at least postponed until the damages phase of this action. The Court can foresee the need to rule on whether particular documents are discoverable or protected by the attorney-client privilege. Although such rulings may still be necessary during the liability phase of this action, particularly if Mobil continues to assert its defense of equitable intervening rights, the Court holds that consideration of economy, convenience, and expediency will be served by granting Rohm & Haas' motion to the extent that discovery involving potentially privileged evidence and the depositions of attorneys are precluded during the liability phase for the purpose of establishing willfulness.

Despite the fact that both Rohm & Haas and Mobil focused at oral argument on the question of whether to allow discovery of potentially privileged information, the Court can imagine that as the case progresses, the parties may become aware that other documentary evidence or wit-

ness testimony may be relevant both to the question of liability and to one or more of the Contested Phase Issues. Although Rohm & Haas in its opening brief states that the only matters deferred under its motion will be those which pertain *solely* to the Contested Phase Issues, the Court foresees that if it grants this motion in its entirety, the Court may be called on to determine whether particular evidence or testimony relates *solely* to one of the Contested Phase Issues. At this stage of the proceedings, the Court concludes that the overall efficiency and expediency of this case will be furthered by precluding potential disputes over evidence and testimony which may relate to liability and one of the Contested Phase Issues.

In conclusion, the Court grants Rohm & Haas' motion to the extent that discovery and testimony involves the opinions, communications, or depositions of counsel for the purpose of proving willfulness. Otherwise, the motion is denied. Judgment will be entered in accordance with this Opinion.