THAT defendant Groner's motion for summary judgment is DENIED.

WHITE CHEMICAL CORPORATION, Plaintiff,

v.

WALSH CHEMICAL CORP., and Chatham Manufacturing Co., Defendants.

No. C–C–86–562–P.

United States District Court, W.D. North Carolina, Charlotte Division.

July 30, 1987.

James D. Myers, Bell, Seltzer, Park & Gibson, Charlotte, N.C., Peter L. Berger, Levisohn, Lerner & Berger, New York City, for plaintiff.

Raymond E. Owens, Jr., Kennedy Covington Lobdell & Hickman, Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of the Defendants for a separate trial of liability issues for alleged patent infringement and for an order limiting discovery to the issues of liability until those issues have been finally determined. The Court conducted a hearing on this matter on July 17, 1987 at Charlotte, North Carolina.

Plaintiff is a New Jersey corporation in the business of manufacturing chemicals, including a patented flame retardant composition which may be applied to textiles. An essential component of the composition is decabromodiphenyl oxide sold by Ethyl Corporation and Great Lakes Corporation. The Plaintiff has instituted this action, in addition to two others in South Carolina and Illinois, against Defendants for allegedly making the patented composition and/or applying the patented composition to textiles. The Plaintiff has alleged that Ethyl Corporation and Great Lakes Corporation, giants in the chemical industry and the real players to this lawsuit, are indemnifying their customers who buy decabromodiphenyl oxide and make the patented flame retardant composition. Further, Plaintiff states that Ethyl Corporation's lawyers are defending the present action and the Illinois action and Great Lakes Corporation's lawyers are defending the South Carolina action.

Defendants contend for several reasons that the trial of this case should be bifurcated with respect to issues of liability and damages to further the interests of judicial efficiency. Before the damages stage of the case is ready for trial, Defendants argue that Plaintiff must carry its burden on threshold issues of patent validity, enforceability, and infringement; in addition, Plaintiff must prevail against Defendants' affirmative defenses of laches and estoppel. A determination of any of these issues in Defendants' favor would be dispositive of the case and avoid any need for extensive damages discovery and a trial pertaining to damages, thereby saving unnecessary expense and furthering the interests of judicial economy. If, on the other hand, the jury determined liability on Defendant's part, the action may settle, also avoiding significant expense of damages discovery and trial.

Defendants also argue that bifurcation is appropriate because patent cases such as this are particularly well-suited for bifurcation due to the complex nature of the damages issues and the extensive discovery necessary to prove damages. *Swofford v. B & W, Inc.,* 34 F.R.D. 15 (S.D.Tex.1963), *aff'd,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). The court in *Swofford,* in bifurcating the issues of liability and damages pursuant to Fed.R.Civ.P. 42(b), considered the difficulty and expense involved in the damages stage, the case and convenience in severing the damages from the liability stage, the possibility of avoiding the damages stage altogether, and the likelihood of settlement should liability be found and the resulting saving of time and expense to the parties and the Court.

Defendants also refer to additional factors affecting bifurcation: (1) overlap between issues; (2) overlap of witnesses and documentary evidence; (3) discovery posture; (4) whether a jury trial is involved; and (5) the degree of prejudice, if any, to the party opposing bifurcation. *See Slater Electric Inc. v. Indian Head, Inc.,* 223 U.S.P.Q. 729 at 730–31. Defendants contend that, with respect to the first two factors, there will be very little overlap between liability and damages issues, and therefore, very little overlap of testimony or documentary evidence. Defendants, again, contend that if liability is found, then the parties could possibly stipulate to a damage amount or settle the lawsuit altogether. Concerning the third factor, Defendants state that the scope of discovery on the damages questions is likely to be very broad, involving voluminous and bur-

densome numbers of documents relating to, among other things, sales, profit margins, costs of production, competing products and the ability to compete. Defendants also contend that although this case is scheduled for a jury trial, bifurcation is still appropriate due to the slight overlap of issues.

Plaintiff strongly opposes bifurcation of this case, arguing that it would suffer severe prejudice due to the further extension and complication of this litigation. Plaintiff also argues that there are many interwoven issues of liability and damages. Plaintiff contends that it will present evidence on liability issues of the manufacture, sales, and use of Defendants' products as to the commercial success of the patented product. Defendants' sales volumes will also be a key issue in the damages aspect of the case. Plaintiff also contends it will present evidence on the liability issue of patent validity regarding the development of the compositions and whether they were copied from Plaintiff's patent compositions. Proof of such copying will also be important on the issue of willfulness in determining the amount of damages to be awarded. Plaintiff also states that, in determining damages, the jury will be asked to consider whether Plaintiff would have made the sales Defendants made, and will, therefore, have to be educated about the composition in both Plaintiff's and Defendants' products. These technical proofs will also go toward infringement on the liability issues and many facts which will have to be presented to the jury at that time would also have to be repeated at a damages stage. Plaintiff further contends that many of the witnesses and documents will be the same in both liability and damages stages and that it would be unduly burdensome to present those witnesses and documents twice.

Defendants rely heavily on a letter to the Clerk's Office drafted by Plaintiff's counsel, after consultation with counsel for all the parties, stating that the trial on liability and damages will take only one more day than a trial on liability alone. Counsel for Defendants object to this assertion and state that they understood that the trial for both liability and damages would take four days per party and up to three days per party if only liability issues were tried.

After carefully considering the pleadings and arguments of counsel, the Court is of the opinion that Defendants' Motion for bifurcation of the trial should be granted, but that their Motion for bifurcation of discovery should be denied. Fed.R.Civ.P. 42(b) allows a trial court to order separate trials of any number of issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." It is obvious that this case involves complex issues, but any overlap between questions of liability and damages, and the resulting duplication of some evidence, appears minimal as well as outweighed by interests of convenience and economy in resolving in a separate trial issues of patent validity, enforceability, infringement, and issues of the affirmative defenses of laches and estoppel. Evidence of costing factors, profit levels, etc., are unique to issues of damages and would involve a good deal of additional trial time in addition to adding to complexity and confusion which will face the jury. Bifurcation would simplify the jury's task and a determination of no liability would avoid entirely the need for a trial pertaining to damages, while a determination of liability may likely result in a settlement of the action. Further, the Court is not persuaded that Plaintiff will suffer unfair prejudice by a separate trial on liability and damages, at least no more than Defendants stand to lose.

With respect to discovery, however, the Court believes that a protective order effectively separating discovery on liability from that of damages would merely result in added judicial involvement into objections, motions to compel, and the like. Therefore, the Court will deny Defendants' Motion with respect to discovery.

IT IS, THEREFORE, ORDERED that this case be bifurcated for a first stage

trial on liability separate from a second stage trial on damages.

IT IS FURTHER ORDERED that discovery for this case shall continue without any distinction between liability and damages, and that such discovery is extended, as agreed by the parties, up to and including October 5, 1987. The Clerk is to schedule the first stage trial of this case on the next available Civil Jury Calendar but no sooner than October 30, 1987.