**ACME RESIN CORPORATION, Plaintiff,**

v.

**ASHLAND OIL, INC., Defendant.**

No. C–2–86–0187.

United States District Court, S.D. Ohio, E.D.

Oct. 19, 1987.

John C. McDonald and Melvin D. Weinstein, of Emens, Hurd, Kegler & Ritter, Columbus, Ohio, for plaintiff.

Bruce Tittel, of Wood, Herron & Evans, Cincinnati, Ohio, for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff brings this patent infringement action pursuant to the provisions of 28 U.S.C. § 1338(a). This matter is before the Court on plaintiff's motion to bifurcate in this action the issues of liability and damages.

Plaintiff, Acme Resin Corporation (hereinafter "Acme"), is an Illinois-based company, and a wholly owned subsidiary of Borden, Inc. Acme is in the business of making and selling various foundry products, which include resin systems for use in foundry applications. Defendant, Ashland Oil, Inc. (hereinafter "Ashland"), is a Kentucky based corporation, having its chemical division in the Columbus area. This chemical division also manufactures and sells foundry products, including resin systems for foundry applications.

Acme filed its complaint seeking damages and injunctive relief for Ashland's alleged infringement of two Acme patents, namely U.S. Patent Nos. 4,436,881 and 4,514,316. Each of these patents deals with compositions which are used in forming molds and cores in the foundry industry. Ashland asserts that Acme's patents are invalid and that Ashland has not infringed upon them. Ashland has, in turn, counterclaimed on five of its patents, Nos. 3,485,797, 3,676,392, 4,273,179, 3,409,579 and 3,429,848, seeking damages and injunctive relief for alleged infringement by Acme. Ashland's counterclaim regarding No. 4,273,179 has subsequently been dismissed. Acme has denied the validity of Ashland's patents and has asserted that it has not infringed upon Ashland's patents.

During discovery, Ashland sought certain of Acme's documents and business records relating to the issue of damages. More specifically, Ashland sought Acme's sales figures for products accused of infringement. Acme refused to produce this requested information, contending that it is customary in patent cases to defer the discovery of such damage information until after the liability issue has been determined. In response, Ashland filed a motion seeking an order compelling discovery. Acme subsequently filed the present motion for an order bifurcating the issues of liability and damages.

The applicable rule providing for the bifurcation of issues in a civil suit is section 42(b) of the Federal Rules of Civil Procedure. That provision states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issues or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision whether to order bifurcation is one committed to the trial court's discretion. *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 25 (6th Cir. 1965). In making this determination, the trial court must consider factors such as: (1) whether separate trials would be conducive to expedition of litigation and to efficient judicial administration; (2) whether separate trials would prejudice the parties; and (3) whether the issues sought to be tried separately are significantly different. *Beauchamp v. Russell*, 547 F.Supp. 1191 (D.C.Ga.1982). A decision ordering bifurcation of the issues of liability and damages is dependent upon the facts and circumstances of each case and must be made on a case-by-case basis. *Idzojtic v. Pennsylvania Railroad Co.*, 456 F.2d 1228 (3d Cir.1972).

The present action involves several patent infringement claims. A leading patent case in which Rule 42(b) was applied is *Swofford v. B & W, Inc.*, 34 F.R.D. 15

(S.D.Texas 1963), *aff'd,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). In *Swofford,* the trial court articulated the unique circumstances present in a patent case which justifies a court ordering bifurcation of the issues of liability and damages. There, the Court stated:

> In the normal case separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. A preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in substantial saving of time of the Court and counsel and reduction of expenses to the parties. Moreover, separate trial of the issue of liability may present counsel the opportunity to obtain final settlement of that issue or appeal without having reached the often time-consuming and difficult damages question.

*Swofford,* 34 F.R.D. at 19–20.

The evidence presented on the liability issue in a patent infringement case usually involves extremely complex scientific matters which are unrelated to the damages issue. This is important for the reason that a court cannot separately try issues of liability and damages unless those issues are so distinct and separable that a trial of one alone may be had without injustice or prejudice to either party. The appellate court in *Swofford* stated in dicta that it could "not think of an instance in a patent action where the damage issue is so interwoven with the other issues that it [could] not be submitted to a jury independently of the others without confusion and uncertainty, which would amount to a denial of a fair trial." *Swofford,* 336 F.2d at 415.

Other courts have also ordered bifurcation on the issues of liability and damages. *See Naxon Telesign Corp. v. GTE Infor-* *mation Systems, Inc.,* 89 F.R.D. 333 (N.D. Ill.1980); *Shepard v. International Business Machines Corp.,* 45 F.R.D. 536 (S.D. N.Y.1968); *Norfin, Inc. v. International Business Machines Corp.,* 453 F.Supp. 1072 (D.Col.1978), *aff'd,* 625 F.2d 357 (10th Cir.1980). One court has gone so far as to note that there is a "presumption in favor of bifurcation" in patent infringement suits. *Naxon Telesign,* 89 F.R.D. at 341.

■ Consideration of the circumstances surrounding the present case leads the Court to conclude that plaintiff's motion for bifurcation should be granted. At issue in the liability phase of this case is the validity and infringement of six separate patents. Those patents involve extremely complex chemical compositions and trial will likely involve highly sophisticated expert analysis. The liability issue is significantly different from the damages issue and proof of each will require testimony by different witnesses and support from different documents. It is also significant that neither party has requested a jury in this case, so the problems which may be posed in that regard are non-existent. In the Court's view, bifurcation of the liability and damages issue will likely expedite this litigation, promote efficient judicial administration, and simplify the proceedings for both the Court and the parties, and may serve to encourage settlement on some of the patents at issue. Defendant has demonstrated no prejudice which would ensue from bifurcation of these proceedings.

In support of its opposition to bifurcation, defendant cites *Brad Ragan v. Shrader's Incorporated,* 89 F.R.D. 548 (S.D.Ohio 1981). That decision was carefully limited by Judge Rice to the particular facts of that case, in which plaintiff represented that its case on damages was simplistic and that its proof on liability and damages substantially overlapped. No such representations have been made by either party in this action.

The Court observes that the Magistrate has permitted limited discovery on the damages issue in this case in light of defendant's representations that such discovery may be relevant to the liability issues. The

undersigned takes no position regarding discovery on the damages issues, for the reason that the Magistrate is in the best position to determine those matters through discovery conferences with the parties.

Plaintiff's motion to bifurcate the liability and damages issues in this case is GRANTED.

IT IS SO ORDERED.