851 F.Supp. 369 (1991)
FOSECO, INC., Plaintiff,
v.
CONSOLIDATED ALUMINUM CORPORATION, and Selee Corporation, Defendants.
No. 88-85 C (2).
United States District Court, E.D. Missouri, E.D.
April 15, 1991.
*370 Jeffery J. Kalinowski, Partner, Peper and Martin, St. Louis, MO, for plaintiff.
Jonathan P. Soifer, Associate, Polster and Lieder, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on defendants' motion for a separate trial on the issues of liability and damages and for an order staying discovery of the damages issue. They further ask the Court to relegate the issue of alleged willful infringement to the trial on damages rather than to the trial on liability.
This is an action for willful patent infringement of plaintiff Foseco's U.S. Patent No. 3,972,834. Defendants bring this motion pursuant to Fed.R.Civ.P. 42(b), which states:
The court, in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.
Separate trials are particularly appropriate in patent cases since a finding of liability for patent infringement is an appealable interlocutory order under 28 U.S.C. § 1292(c)(2).[1]Eaton Corp. v. Auburn Gear, Inc., 8 U.S.P.Q.2d 1373, 1374, 1988 WL 273448 (N.D.Ind.1988). Additionally, courts have separated the liability and damages issues in patent cases because of the "complexity of such cases, the lack of substantial community among the issues and the hazard that a lengthy and expensive trial on the damages issue will be erased by reversal of the patent owner's judgment on appeal." Id. See also, Paine Webber, Jackson & Curtis, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 587 F.Supp. 1112 (D.Del.1984) (separate liability and damage trials reduce jury confusion, avoid prejudice, expedite the date of the liability trial and avoid additional expenses if a damage trial becomes unnecessary).
In the action before the Court, all parties are in agreement as to bifurcation. Furthermore, the Court finds the logic and reasoning of the above cases persuasive and sound. Therefore, it will grant the motion to bifurcate the trial. The parties, however, disagree *371 with regard to delaying discovery on the damages issue, and the plaintiff objects to trying the issues before separate juries.
As with bifurcation of trial, bifurcating discovery of damages is also discretionary with the courts. Many such courts have stayed discovery on the damages issues until the trial on liability is decided in the interests of saving both the court's and the parties' time and expense. Since the reasoning for the separate trials involves the possible avoidance of a costly and complicated trial on damages, it is logical to delay inquiry into or discovery of those issues until there is a reasonable certainty that they will be necessary. Swofford v. B & W, Inc., 34 F.R.D. 15, 20, aff'd, 336 F.2d 406 (5th Cir.1964); Eaton Corp. v. Auburn Gear, 8 U.S.P.Q.2d at 1375 (1988) (since the liability issue may be dispositive, the court limits discovery to those issues initially).
In support of their request to stay discovery of the damages issue, defendants indicate that accounting and damage issues are easily separable and bear little relationship to the liability issues. On the other hand, plaintiff argues that discovery on damages is vital in order to be informed with regard to any settlement negotiations and in the interest of judicial economy. It argues that the task of re-educating a second jury with concepts and detailed technical evidence used in the liability phase is a waste of valuable time. Additionally, the court's time would be wastefully spent on judicial involvement in having to separate discovery objections which deal with damages and with liability. Plaintiff cites to two cases which support its position. In Naxon Telesign Corp. v. GTE Information Systems, Inc., 89 F.R.D. 333, 341 (N.D.Ill.1980), discovery of damages in a bifurcated patent case was not delayed so that, in the event of settlement negotiations, the plaintiff would be fully informed. The Naxon court also felt it was preferable for the same jury to hear both issues. Similarly, in White Chem. Corp. v. Walsh Chem. Corp., 116 F.R.D. 580, 582 (W.D.N.C.1987), that court did not bifurcate discovery as to damages. It reasoned that to separate such damages issues would result in added judicial involvement in deciding which objections, motions to compel, etc. related to damages or to liability.
Under the circumstances, the defendants have not demonstrated with any specificity that the damages discovery would be unduly burdensome if performed along with discovery on liability. Rather, they have indicated that discovery will only be concerned with one of two possible theories of recovery.[2] In the interest of judicial economy and expediency, the Court would be better served by having informed parties before the start of trial. Therefore, the Court will not stay discovery. If the damages trial is required, then the parties will be prepared to continue without interruption. Likewise, the parties will be fully prepared to negotiate a settlement if necessary.
Finally, the defendants request that the willful infringement issue be tried in the damages phase of the trial. In a majority of cases, the issue of willfulness has generally been developed during the liability phase of a bifurcated patent trial. Pacific Furniture Mfg. Co. v. Preview Furniture Corp., 626 F.Supp. 667 (M.D.N.C.1985), aff'd, 800 F.2d 1111 (Fed.Cir.1986); Ralston Purina Co. v. Far-Mar-Co. Inc., 586 F.Supp. 1176 (D.Kan. 1984), aff'd in part and rev'd in part, 772 F.2d 1570 (Fed.Cir.1985); General Battery Corp. v. Gould, Inc., 545 F.Supp. 731 (D.Del. 1982). While some courts delay making a finding on wilful infringement until after the damages trial and use the evidence presented for purposes of assessing the treble damage awards, none have specifically restricted the entire issue of wilfulness solely to the damages trial. Rohm & Haas v. Mobil Oil Corp., 654 F.Supp. 82 (D.Del.1987); Tyler Refrigeration Corp. v. Kysor Indus. Corp., 601 F.Supp. 590 (D.Del.), aff'd, 777 F.2d 687 (Fed.Cir.1985). Only one case, Rohm & Haas, has restricted discovery and precluded testimony involving the opinions, depositions or communications of counsel for the purpose *372 of proving wilfulness during the liability phase of the trial. Other discovery and testimony on this issue, however, was not precluded.
The defendants argue that if they must defend on the issue of willfulness during the liability phase, they may be prejudiced with the jury and that they may feel pressured to waive the attorney-client privilege. These are general statements, however, and defendants have failed to provide concrete examples of attorney-client privilege conflicts. On the other hand, plaintiff argues that the trial will be needlessly prolonged by a further stay with regard to discovery.
Substantively, the issue of wilfulness is appropriate in both areas. In light of the Court's analysis for not limiting discovery as to damages generally, the Court is not convinced that judicial economy, convenience or expedience is furthered by limiting the issue of willful infringement to the damages phase of the trial. For this reason, the Court will not restrict such discovery and testimony to the trial on damages.
Finally, since all discovery will be complete before the start of the first trial, there is no need for separate juries. Therefore, the same jury will hear the evidence in both trials.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion for a separate trial on issues of liability and damages and for order staying discovery as to damage issues is GRANTED as to a separate trial on the issues of liability and damages and DENIED in all other respects.
NOTES
[1] 28 U.S.C. § 1292 provides:

(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction 
....
(2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.
[2] Defendants indicate that damages will only be based on a reasonable royalty theory of recovery. The other commonly used basis of recovery, lost proof, is not available because the plaintiff has not commercialized the patent invention.