**Kellie Diana COOK and Darren Eugene Cook, Plaintiffs,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, dba USAA Casualty Insurance Company, a foreign corporation; Henry Jensen; Does I through L, and Roe Corporations I through L, inclusive, Defendants.**

No. CV–S–96–670–PMP–(RJJ).

United States District Court,
D. Nevada.

Nov. 4, 1996.

Melodie C. Swanson, Las Vegas, NV, for Plaintiffs.

Bruce Laxalt, of Laxalt & Nomura, Ltd., Reno, NV, for Defendants.

## ORDER

JOHNSTON, United States Magistrate Judge.

The plaintiffs are suing their underinsured motorist liability carrier for breach of contract and bad faith. The matter now before the Court is the Defendants' Motion to Sever and Abate Bad Faith Action Pending Determination on Underlying Underinsured Motorist Coverage Claim (#10). The defendants argue that the breach of contract claim and the bad faith claims should be tried separately. The defendants also contend that discovery on the bad faith claim should be stayed pending the trial on the breach of contract claim. The court has considered the Defendants' Motion to Sever and the Plaintiffs' Opposition (#12). The court concludes that the breach of contract and bad faith claims shall be tried separately. However, the court will not stay discovery on the bad faith claims.

## BACKGROUND

On December 19, 1994, the plaintiff, Kellie Diana Cook ("Cook"), was involved in an automobile accident. At the time of the accident, Cook was insured by the United Services Automobile Association, doing business as USAA Casualty Insurance Company ("USAA"). As a result of the accident, Cook suffered personal injuries. Cook received payment from the adverse driver's automobile liability carrier up to the policy limits. However, Cook claims that the payment was insufficient to compensate for the full extent of her loss.

Thereafter, the plaintiffs filed a claim with USAA demanding payment of the underinsured motorist coverage benefits. The plaintiffs have two stackable policies with USAA, in the amount of $50,000 each. The plaintiffs made policy limit demands under both USAA policies. In response, the defendants asserted that there was no coverage for the injuries and damages claimed by Cook. Consequently, USAA refused to pay the claim.

On June 19, 1996, the plaintiffs filed suit in the Eighth Judicial District Court, State of Nevada, alleging the following causes of action against the defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) negligence; (5) agency; (6) negligence per se; and (7) punitive damages. Each of these claims is based on the allegation that the defendants failed to reasonably investigate, assess, and pay the plaintiffs' claims under the policies. On July 22, 1996, the defendants removed the case to federal court pursuant to the diversity of citizenship provisions of 28 U.S.C. Sections 1332 and 1441.

The defendants now move the court to sever and abate the plaintiffs' breach of contract claim from the bad faith claims, arguing that it is inappropriate to litigate the extra-contractual claims until the court finds the plaintiffs are entitled, if at all, to underinsured motorist coverage. The defendants also argue that any discovery pertaining to the bad faith claims should be stayed until there has been a determination on the underlying underinsured motorist claim. The plaintiffs, on the other hand, argue that severance is improper under the federal rules or Nevada law and would be a waste of judicial resources.

## DISCUSSION

### I. Bifurcation of Trial

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the court to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed.Rule Civ.P. 42(b). Rule 42(b) states:

> **(b) Separate Trial.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ..., always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision to bifurcate is committed to the sound discretion of the trial court.[1] *See, e.g., Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir.1982). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *See* 9 Wright & Miller, *Federal Practice and Procedure: Civil 2d,* § 2388, p. 476 (1994); *See also O'Malley v. United States Fidelity and Guaranty Company,* 776 F.2d 494, 501 (5th Cir.1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against insurance company).

Bifurcating the breach of contract claim from the extra-contractual claims is appropriate in the instant case. If the plaintiffs do not prevail on their breach of insurance contract claim, there can be no basis for concluding that the defendants acted in bad faith. *See Hart v. Prudential Property and Casualty Insurance Company,* 848 F.Supp. 900, 902 (D.Nev.1994) (citing *American Excess Insurance Co. v. MGM Grand Hotels, Inc.,* 102 Nev. 601, 729 P.2d 1352 (1986) (no basis for bad faith claim against insurance company when denial of benefits was based on reasonable interpretation of contract)). Therefore, the need for the second trial would be obviated. Under these circum-

---

1. The court notes that both parties have asserted Nevada case law to either support, or oppose, bifurcation. Nevada law does not govern this issue. Bifurcation is a matter of federal procedural law and may be applied in diversity cases even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials. *Oulds v. Principal Mutual Life Insurance Co.,* 6 F.3d 1431, 1435 (10th Cir.1993) (citing *Sellers v. Baisier,* 792 F.2d 690, 694 (7th Cir.1986)).

362

stances, bifurcation furthers the interest in expedient resolution of litigation. Bifurcation will also simplify the issues for trial. *See Hirst,* 676 F.2d at 1261. In a bifurcated trial, the jury may hear the underlying underinsured motorist coverage claim without the issues being obscured by the concurrent presentation of evidence relating to the bad faith claims. Therefore, the court's interest in judicial economy warrants the bifurcation of the potentially dispositive contract claim from the extra-contractual claims.

## II. Stay of Discovery

On July 31, 1996, the plaintiffs served the defendants with a request for documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Thereafter, the defendants served the plaintiffs with a response. Of the seventeen requests served by the plaintiffs, the defendants objected to fifteen on the ground that the information sought relates to extra-contractual issues for which the defendants are seeking a stay of discovery. *See* Defendants' Response to Plaintiffs' Discovery Requests, attached to Motion to Sever (#10) as Exhibit A. The defendants further argue that discovery of matters pertaining solely to the bad faith claims is premature and should be stayed until the court determines the underinsured motorist claim.

■ Bifurcation of the trial does not necessarily require bifurcation of discovery. *See Foseco, Inc. v. Consolidated Aluminum Corporation,* 851 F.Supp. 369, 371 (E.D.Mo. 1991); *White Chemical Corporation v. Walsh Chemical Corporation,* 116 F.R.D. 580, 582 (W.D.N.C.1987); *Naxon Telesign v. GTE Information Systems,* 89 F.R.D. 333, 341 (N.D.Ill.1980). As with the bifurcation of trial, the decision to stay discovery is within the discretion of the trial court. *Foseco,* 851 F.Supp. at 371.

■ The court finds that joint discovery on the contract issues and the bad faith claims is more convenient to the parties and would further judicial economy. With joint discovery, the plaintiffs will be better informed and therefore better prepared in the event of settlement negotiations or alternative dispute resolution. *See Naxon,* 89 F.R.D. at 341-342; *Foseco,* 851 F.Supp. at

371. Moreover, the court, by not staying discovery on the bad faith claims, can avoid hearing discovery disputes over which documents pertain to the contract claim and which relate to the bad faith claims. *See Walsh Chemical Corporation,* 116 F.R.D. at 582. Also, joint discovery may expedite resolution of the entire matter by permitting the second trial, if it is necessary, to commence immediately after the first.

Therefore, the court shall allow full and joint discovery on all issues, with trial of the non-contractual claims, if necessary, to proceed immediately after trial of the breach of contract claim.

### ORDER

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Sever and Abate Bad Faith Action Pending Determination on Underlying Underinsured Motorist Coverage Claim (#10) is GRANTED.

IT IS FURTHER ORDERED that the trial of Plaintiffs' breach of contract claim shall be bifurcated from their non-contractual claims; and, that the trial of the breach of contract claim shall proceed first, with trial of the non-contractual claims, if necessary, commencing immediately thereafter.

IT IS FURTHER ORDERED that discovery of all claims shall continue in a joint and full manner.